## Case No. 1,118.

### In re BAXTER.

[5 Am. Law Reg. (N. S.) 159, note.][1]

Circuit Court, E. D. Tennessee. Jan., 1866.

EX POST FACTO LAWS — ATTORNEYS—TEST OATH.

[1. Act Jan. 24, 1865, (15 Stat. 424, c. 20,) provided that no person should be allowed to practice in the federal courts, by reason of any previous admission thereto, without having first taken an oath that he had never borne arms against the United States, aided its armed enemies, supported any pretended authority hostile thereto, nor sought or exercised any office under such hostile authority. *Held*, that the act is ex post facto and void; for the right of an attorney to practice his profession is his property, and the act declares a forfeiture of such property for offenses which were not so punishable when committed.]

[See Cummings v. Missouri, 4 Wall. (71 U. S.) 277; Pierce v. Carskadon, 16 Wall. (83 U. S.) 234.]

[2. The act cannot, however, be held to impair the obligation of a contract; for, even if the constitution prohibits congress from passing such laws, the 'admission of an attorney to practice is not a contract, within the meaning of the constitution.]

John Baxter and T. A. R. Nelson, for the objection.

Horace Maynard, opposed.

One John Baxter had been an attorney of the court, but, the authority of the United States in that district having been suspended during the part of the Rebellion, he was readmitted in May, 1864. On the 24th January, 1865, [15 Stat. 424, c. 20,] an act was passed by congress declaring that no persons should thereafter be admitted to the bar of the United States courts, or be allowed to be heard by reason of any previous admission, without having first taken the oath prescribed in the act of July 2, 1862, [12 Stat. 502, c. 128.] The terms of the oath are as follows: "I do solemnly swear that I

[1] [Nowhere fully reported; opinion not now accessible. The statement of facts and of the holding of Trigg, District Judge, is taken from a note to Hughes v. Litsey, 14 Am. Law Reg. (5 Am. Law Reg. N. S.) 159.]

have never voluntarily borne arms against the United States since I have been a citizen thereof; that I have voluntarily given no aid, countenance, counsel, or encouragement to persons engaged in armed hostility thereto; that I have neither sought nor accepted, nor attempted to exercise the functions of any office whatever, under any authority or pretended authority in hostility to the United States; that I have not yielded a voluntary support to any pretended government, authority, power, or constitution within the United States, hostile or inimical thereto. And I do further swear that, to the best of my knowledge and ability, I will support and defend the constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion. So help me God."

On the said Baxter attempting to address the court from the bar, at the present term, he was informed by THE COURT that he could not be heard until he had taken the oath above set forth, whereupon he objected that the said law was unconstitutional, and the court had therefore no right to compel him to take the said oath. The matter was subsequently argued by the objector in person, and T. A. R. Nelson against, and Horace Maynard in favor of, the constitutionality of the law. The ground first assumed for the objector was that the act impairs the obligation of a contract, because an attorney is examined in Tennessee by the judges of the state courts, and by them licensed to practice, and therefore to receive fees and emoluments of his profession. Upon this point, THE COURT, (TRIGG, District Judge,) after noticing the doubt whether congress has power to pass an act impairing contracts, and inclining to think that it has not, expressed the opinion that the admission of an attorney was not a contract, within the terms of the constitution.

It was further urged that the law was an ex post facto law, and therefore unconstitutional. Upon this point THE COURT stated the question to be, whether the act was to be considered as prescribing additional qualifications for office under the government, or as a criminal enactment inflicting a penalty upon those who refuse to comply with its terms. THE COURT then proceeded to show that an attorney is an officer of the court, but not of the government, and that, as to him, the act must be considered as penal. But an attorney has a right to practice his profession, and such profession is his property, within the protection of the constitution, and the law, therefore, punishing an attorney, by forfeiture of his property in his profession, for acts not so punishable when committed, is ex post facto, in its operation as to such cases, and therefore unconstitutional. Admitting the correctness of the assumption that his profession is an at-

torney's property, and the act requiring him to swear in his own case, the same conclusion as to the unconstitutionality of the law is reached by reference to the fifth article of the amendments, which declares that no person "shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law." For these reasons, THE COURT pronounced the law unconstitutional and void.